Filed 11/30/23  P. v. Rivas CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY RIVAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B325034<br>(Super. Ct. No. BA425421)<br>(Los Angeles County) |

A jury found Anthony Rivas guilty of first degree murder of Ricardo Hernandez (count 1) (Pen. Code,[1] §§ 187, subd. (a), 189), with attendant personal and principal discharge of a firearm (§ 12022.53, subds. (d) & (e)(1)) and criminal street gang findings (§ 186.22, subd. (b)(1)(C)).  The jury also found Rivas guilty of assault with a semiautomatic firearm upon Antonio Beltran (count 2) (§ 245, subd. (b)), with attendant personal infliction of great bodily injury (§ 12022.7, subd. (a)), personal use of a

---

[1] All statutory references are to the Penal Code.

firearm (§ 12022.5, subd. (a)), and criminal street gang findings (§ 186.22, subd. (b)(1)(C)).

The trial court sentenced Rivas to life for murder plus 25 years to life for the attendant firearm enhancements, plus a consecutive seven years four months for the assault and attendant enhancements.

We remanded for the trial court to exercise its discretion on whether to dismiss the firearm enhancements in the interest of justice. In all other respects, we affirmed. (*People v. Rivas* (Aug. 14, 2018, B269791) [nonpub. opn.].)

On May 7, 2021, Rivas filed a petition for writ of habeas corpus with the trial court. On May 26, 2022, the court denied the parts of the petition challenging Rivas's conviction and granted the parts seeking resentencing. The court resentenced appellant to 34 years to life, including 25 years for count 1, the midterm of three years for count 2, and three years for the great bodily injury and firearms enhancements for count 2, with 2,946 days credit, (2,562 days actual and 384 days conduct). The court struck the 25-year firearm enhancement for count 1 and the gang enhancement for count 2 in the interests of justice under section 1385.

Rivas appeals the trial court's order denying in part and granting in part his petition for a writ of habeas corpus.

We appointed counsel to represent Rivas in this appeal. After examining the record, counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, raising no issues.

On October 6, 2023, we advised Rivas by mail that he had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal.

Rivas filed a supplemental brief. Rivas contends his attorney was wrong in stating in his opening brief that the information alleged Rivas had been convicted of three prior serious or violent felonies and had suffered two prior prison terms. Rivas appears to be correct. The information alleged the prior felonies and prison terms against Rivas's codefendant. Nevertheless, the error in the opening brief is irrelevant. The error in the opening brief had no effect on Rivas's petition for a writ of habeas corpus.

The order is affirmed. (*People v. Delgadillo* (2022) 14 Cal.5th 216.)

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

3

Terry A. Bork, Judge

Superior Court County of Los Angeles

_____

David Ross Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.